IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rodney Gibson,                                                 Case No. 5:15CV119

                Petitioner,

       v.                                            **ORDER**

Michele Miller, Warden,

                Respondent.

This is a habeas corpus petition in which the Magistrate Judge filed a Report and Recommendation in which he recommended that I deny the petition. (Doc. 14). Pending is petitioner's objection to the Report and Recommendation (Doc. 16), to which the respondent has filed a response. (Doc. 17).

On *de novo* review, I find there is no merit to the petitioner's objections or his underlying claims for relief and that, further, the Report and Recommendation is well taken in all respects.

**Background**

A Stark County, Ohio jury convicted petitioner of aggravated burglary and felonious assaults. The trial judge imposed terms of nine and three years, respectively.

On direct appeal, the petitioner asserted two assignments of error: 1) improper denial of cross-examination of a witness as to his prior conviction for solicitation; and 2) convictions contrary to the manifest weight of the evidence. The Fifth District Court of Appeal affirmed. Petitioner's effort to secure review in the Ohio Supreme Court was unsuccessful. He has not filed

any subsequent state court challenges to his conviction and sentence.

## Discussion

The Magistrate Judge first concluded that this federal court lacks jurisdiction to consider the merits of the petitioner's claims because he does not assert federal constitutional violations. (Doc. 14 at 5-8). I agree: neither claim is formulated in, much less presents, challenges of federal constitutional magnitude. Challenges to the admission of evidence raise claims only of state, not federal, law. *E.g.*, *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983).

Likewise, contentions that a conviction is contrary to the manifest weight of the evidence also do not raise cognizable claims. *Jackson v. Virginia*, 443 U.S. 307, 319 (1978).

Due to the petitioner's failure to raise constitutional claims, I agree with the Magistrate Judge that I am without jurisdiction to address those claims on their merits (assuming they otherwise are properly before me (i.e., they are exhausted and untainted by procedural default)).

The Magistrate Judge, looking past the jurisdictional issue so as to address the petitioner's claims fully, found his challenge to the sufficiency of the evidence not exhausted, as not presented *in toto* to the Ohio Supreme Court. I agree with that assessment.

Finally, on the merits, the Magistrate Judge found the evidence more than ample to sustain the conviction, as did the state appellate court. He and it were equally correct.

The petitioner's challenges to evidentiary sufficiency border on the trivial: they are putative inconsistencies in the evidence that do no undercut the fact that there was overwhelming proof, provided by the victim, a companion who was with her (both of whom were well acquainted with the petitioner), medical evidence of the victim's injuries and their likely cause, and extensive physical and forensic evidence at the scene. No reasonable jury could have found otherwise than that the petitioner committed the crimes. The overwhelming weight of the

evidence showed that after smoking crack cocaine with the two witnesses and leaving, he returned, broke down the door to the apartment and to the bathroom in which the victim and witness had taken refuge, and hit and kicked the victim in her face.

There is no merit whatsoever to the petition.

It is, therefore,

ORDERED THAT:

1. On *de novo* review, the Report and Recommendation of the Magistrate Judge (Doc. 14) be, and the same hereby is, adopted as the order of this court; and

2. The petition for habeas corpus relief be, and the same hereby is, denied.

Jurists of reasons could not disagree with this result, and any appeal from this decision would have no merit; therefore, no appeal shall be allowed without a certificate of appealability.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge